[Cite as *Merritts v. Ohio Dept. of Transp.*, 2009-Ohio-7152.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ARLETTA MERRITTS

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

     Case No. 2009-07202-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION


## FINDINGS OF FACT

{¶ 1}  1)   On June 25, 2009, at approximately 10:00 a.m., plaintiff, Arletta Merritts, was traveling west on State Route 126 "before reaching the Mt. Healthy exit" when her 2008 Cadillac DTS struck "a huge pothole" causing tire damage to the vehicle.

{¶ 2}  2)   Plaintiff asserted that the damage to her car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defects such as potholes.  Plaintiff filed this complaint seeking to recover $261.38, the cost of a replacement tire.  The filing fee was paid.

{¶ 3}  3)   Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular pothole prior to plaintiff's property damage occurrence.  Defendant advised that ODOT's "investigation indicates that the location of plaintiff's incident is between mileposts 9.38 and 9.04 on SR 126 in Hamilton County."  Defendant related that there is no record of ODOT receiving any complaint regarding a pothole between mileposts 9.38 and 9.04 on State Route 126.  Defendant asserted that plaintiff did not produce any evidence to establish the length of time that

the particular damage-causing pothole existed prior to June 25, 2009. Defendant suggested that "it is likely the pothole existed for only a short time before the incident." Defendant explained that the ODOT "Hamilton County Manager inspects all state roadways within the county at least two times a month." Apparently no potholes were discovered between milepost 9.38 and 9.04 on State Route 126 the last time that section of roadway was inspected prior to June 25, 2009. Defendant argued that ODOT conducted proper maintenance of the roadway.

{¶ 4} 4) Plaintiff filed a response noting that "[t]he pothole was too large to have just happened, [i]t (had) to have been there for awhile." Plaintiff surmised that the particular pothole would have certainly been discovered by routine inspection and suggested that ODOT's Hamilton County Manager did not inspect the roadway properly or was not thorough enough in conducting inspection activities.

CONCLUSIONS OF LAW

{¶ 5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996),

112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} To prove a breach of the duty by defendant to maintain the highways, plaintiff must establish, by a preponderance of the evidence, that ODOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 8} Generally, in order to recover in any suit involving injury proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to indicate the length of time that the pothole condition was present on the roadway prior to the incident forming the basis of this claim. No evidence has been submitted to show that defendant had actual notice of the pothole. Therefore, to find liability, constructive notice must be shown.

{¶ 9} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 10} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition (pothole) developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. Size of the particular damage-causing defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove ODOT had constructive notice of the damage-causing pothole.

{¶ 11} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has not produced evidence to establish that defendant did not properly inspect the roadway or failed to discover an obvious defect.

{¶ 12} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to her or that her property damage was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing pothole was connected to any conduct under the control of defendant, or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ARLETTA MERRITTS

Plaintiff

v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2009-07202-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Arletta Merritts
7030 Highpoint Blvd.
Liberty Twp., Ohio  45011

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
10/15
Filed 11/5/09
Sent to S.C. reporter 2/25/10